THOMAS F. FRIEDBERG, ESQ. (#110439)
**LAW OFFICES OF FRIEDBERG & BUNGE**
755 WEST A STREET, SUITE 100
P.O. BOX 6814
SAN DIEGO, CA 92166-0814
TEL : (619) 557-0101
FAX: (619) 557-0560
E-MAIL : "tom@lawofficefb.com"

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI DACEY, | **CASE NO.  2:20-cv-8371** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| PRINCESS CRUISE LINES, LTD. | |
| Defendant. | |

Plaintiff, TONI DACEY, alleges as follows:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.      This suit herein arises and is within the original jurisdiction of the United States District Court since the amount in controversy exceeds $75,000.00 and there is diversity of citizenship between Plaintiff and the Defendant pursuant to 28 U.S.C. § 1332.

2.      Plaintiff is,  and at all times herein mention was, a citizen of the Country of Canada.

3.      At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., is, ans was, a citizen and corporation and has their principal place of business in the State of California, and were transacting business within the Central District of the State of California.

4.      At all times herein mentioned Defendant, PRINCESS CRUISE LINES, LTD., unilaterally inserted in its cruise line ticket a forum selection clause that requires its passengers

asserting personal injuries to litigate those claims only in the United States District Court for the Central District of California.

5.     Defendant, PRINCESS CRUISE LINES, LTD., at all times herein mentioned, either itself or through its designated agents:

    a.   Operated, conducted engaged in or carried on a business venture in the State of California and specifically the County of Los Angeles and had an office within the County of Los Angeles, State of California.

    b.   Was engaged in substantial activity within the County of Los Angeles, State of California.

    c.   Operated vessels in the waters of the State of California.

    d.   Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the State, thereby obtaining the benefits and protections of the State's laws.

    e.   The cruise line ticket for Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

6.     At all times mentioned herein, Defendant, PRINCESS CRUISE LINES, LTD., was, and is, a for profit corporation with its worldwide headquarters, principal address and principal place of business located within the County of Los Angeles, State of California.

7.     At all times mentioned herein, Defendant, PRINCESS CRUISE LINES, LTD., was and is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports throughout the world, including Los Angeles, California and Vancouver, British Columbia, Canada,

8.     At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., derived its revenue from cruises originating and terminating in various ports throughout the world including Los Angeles, California and Vancouver, British Columbia, Canada.

9.     At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., operated, managed, maintained, supervised, chartered and/or controlled a large commercial vessel named *Golden Princess*.

10.    At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., , transported fare paying passengers aboard its vessel, *Golden Princess*.

11.    At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., Plaintiff TONI DACEY was a fare paying passenger and lawfully aboard the vessel *Golden Princess*. Plaintiff had boarded the *Golden Princess* in Vancouver, British Columbia, Canada, for a 5 day cruise to Alaska that left Vancouver on September 21, 2019.

12.    At all times herein mentioned, a source of revenue for Defendant, PRINCESS CRUISE LINES, LTD., was earned by selling alcohol on its ships.  Defendant, PRINCESS CRUISE LINES, LTD., allowed, encouraged and provided alcohol and the over serving of alcohol on its ships to its passengers for financial gain without regard to the fact that it resulted in injuries and accidents to its fare paying customers and guests.

13.    At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., capitalized on the over service of alcohol by selling all inclusive drink packages, wherein passengers can prepay for alcohol purchases, allowing them to consume effectively an unlimited number of alcoholic drinks on board at no additional charge beyond the charge for the all inclusive drink package. The all inclusive drink packages make purchasing alcohol free and easy onboard and it encourages the over consumption of alcohol by passengers to obtain a value for the charge of the all inclusive drink package.

14.    At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., promulgated and/or established a compensation scheme on board its vessels, including the *Golden Princess*, in which tips were the main source of income for bar servers and bar tenders and that tips were earned based on the number of drinks served by bar servers and bar tenders. At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., \knew that bar servers and bar tenders were incentivized to over serve passengers, however, Defendant, intentionally, willfully, wantonly, knowingly and/or recklessly ignored this in order to make more money from alcohol sales.

15.    At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., during the course of this cruise, automatically charged passengers a gratuity on service of alcoholic beverages which monetary amount increased in proportion to the quantity of alcohol purchased. At

all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., , intentionally, willfully, wantonly, knowingly and/or recklessly developed an incentive system in which bar tenders and bar servers are encouraged to over serve passengers, including Plaintiff. At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., chose not to make any meaningful steps to enforce a reasonable alcohol policy since it would have resulted in less money for Defendant.

16.   At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., had the ability to monitor the number of alcoholic beverages served to a particular passenger within a particular period of time, but chose not to monitor nor limit the number of alcoholic beverages, or intentionally, willfully, wantonly, knowingly and/or recklessly chose not monitor nor limit the number of alcoholic beverages served to a particular passenger within a particular amount of time because it would have resulted in less money for Defendant.

17.   At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., failed to train, supervise, oversee or otherwise control its bar tenders and bar servers to conduct themselves in a reasonable and appropriate manner and not to encourage alcoholic drinking by passengers if and when that passenger appeared to have consumed an inordinate or excessive amount of alcohol. Further, at all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., failed to train, supervise, oversee or otherwise control its bar tenders and bar servers to limit or cease the sale of alcoholic beverages to passengers if it would have been apparent to an ordinary reasonable person that the passenger, by the bar tender or bar server providing alcoholic beverage, was likely to be in danger of falling or otherwise becoming injured while aboard the vessel

**FIRST CAUSE OF ACTION**
**(TONI DACEY vs. PRINCESS CRUISE LINES, LTD. - Negligence)**

18.   Plaintiff realleges paragraphs 1 through 17, and incorporates the same as a part hereof as though fully set forth herein.

19.   On or about September 21, 2019, Plaintiff  TONI DACEY, embarked from Vancouver, British Columbia for a 5 day cruise to Alaska, as passengers aboard the *Golden Princess*, a cruise ship registered in Bermuda, and owned, operated, maintained, repaired and otherwise controlled by Defendants, PRINCESS CRUISE LINES, LTD. The *Golden Princess* is a 109,000 ton

1  cruise ship with 1,297 cabins that was designed, manufactured, built and delivered to PRINCESS

2  CRUISE LINES, LTD., 2001 and has been for used cruises between various ports worldwide,

3  including Los Angeles, California and Vancouver, British Columbia. Plaintiff was booked for a 5

4  day round trip cruise from Vancouver, British Columbia to Alaska and was assigned Cabin D705.

5         20.    On or about September 22, 2019, while aboard the *Golden Princess*, Plaintiff TONI

6  DACEY was on Deck 15 at the Mermaid's Bar and on the Lido deck with other guests and was

7  served alcoholic beverages by bar tenders and bar servers in accordance with the drink packages

8  hereinabove described. During the course of the day, Plaintiff also was enjoying the area known as

9  Neptune's Reef and Pool. At or near 11:30 p.m., Plaintiff went to the use the ladies restroom on the

10 port side of the Lido deck aft of Neptune's Reef. The floor in the area in and around the restroom

11 had a low co-efficient of friction which was compounded by excessive water on the bathroom floor.

12 As Plaintiff was in the restroom, due to the low co-efficient of the floor and the excessive water that

13 had accumulated on the floor, Plaintiff slipped and fell and sustained serious injuries and damages.

14        21.    Approximately 30 minutes prior to Plaintiff's slip and fall, Plaintiff learned after her

15 incident, that another passenger had been injured by broken glass and excessive water on the deck

16 and area leading to the women's restroom adjacent to Neptune's Reef and Pool . Plaintiff learned

17 after her incident that the incident was timely reported to employees and staff of Defendant,

18 PRINCESS CRUISE LINES, LTD., who failed to timely clean up, warn of or make safe the flooring

19 area on the deck and area leading to the women's restroom adjacent to Neptune's Reef and Pool.

20 Specifically, despite being specifically notified of the dangerous condition of the broken glass and

21 excessive water, the employees and staff of Defendant, PRINCESS CRUISE LINES, LTD., chose

22 to ignore the dangerous condition by failing to timely clean up, warn of or make safe, thereby

23 increasing the likelihood that other passengers, including passengers such as Plaintiff who may have

24 been over served alcoholic beverages by the bar tenders and bar staff were more likely to be subject

25 to injuries from the dangerous condition of the flooring.

26        22.    Plaintiff is informed and believes that while Plaintiff was lawfully and rightfully on

27 the *Golden Princess*, Defendant negligently and carelessly owned, managed, possessed, inspected,

28 maintained, operated, designed, planned, developed and otherwise controlled the *Golden Princess*

so as to create a foreseeable risk of harm for persons invited onto the *Golden Princess*, including Plaintiff, by failing to maintain, repair or warn of the hereinabove described dangerous condition, thereby creating a high likelihood of a slip and fall for passengers such as Plaintiff, as hereinabove alleged and creating a foreseeable risk of harm.

23.    That foreseeable risk of harm created by the negligence and carelessness of Defendants, as hereinabove alleged, was known, or in the exercise of ordinary and/or reasonable care, should have been known to Defendant in an adequate and sufficient time for a reasonably prudent person under the same or similar circumstances as Defendant to warn persons, including Plaintiff, of the hereinabove alleged foreseeable risk of harm, or to take measures to prevent such foreseeable risk of harm.

24.    Plaintiff is informed and believes, and based thereupon alleges:

        a.    Defendant had  duty of care to provide Plaintiff with reasonable care under the circumstances;

        b.    On or about September 22, 2019, Plaintiff was injured due to the fault and/or negligence of Defendant and/or its agents, servants or employees in creating a foreseeable risk of harm as hereinabove alleged;

        c.    Defendant knew or should have known of the dangerous condition that created a foreseeable risk of harm, but failed to timely clean up, warn or make safe the walking surface so as to likely result in a slip and fall incident such as sustained by Plaintiff;

        d.    Defendant failed to comply with industry standards in providing and maintaining pedestrian surfaces in restrooms at or near swimming pools to provide a walking surface with an adequate co-efficient of friction to minimize or eliminate slip and fall hazards;

        e.    Defendant failed to provide adequate training, instruction and or supervision of its crew and/or staff members;

        g.    Defendant failed to provide a reasonable safe condition for Plaintiff during her voyage aboard the *Golden Princess*, which unsafe condition was made

worse and exacerbated by Defendant alcoholic beverage policy as hereinabove alleged;

    h.    Defendant failed to provide adequate training and supervision to its crew members in regard to preventing or discouraging crew members from over serving alcoholic beverages to passengers who may already be intoxicated;

    I.    Defendant encouraged its crew members, including bar tenders and bar servers, to over serve passengers based on Defendant's financial incentive program hereinabove alleged, which likely resulted in passengers drinking to excess and increasing the probability of injury when exposed to dangerous conditions, such as alleged in this case.

25.    Plaintiff is informed and believes, and based thereupon alleges, that all of the foregoing alleged acts of omissions were negligent and careless and directly and proximately caused Plaintiff to slip and fall, as herein alleged, thereby suffering severe and debilitating injuries and damages, as hereinafter alleged.

26.    As a direct and proximate result of the negligence and carelessness of Defendant, PRINCESS CRUISE LINES, LTD., as hereinabove alleged, Plaintiff, TONI DACEY, was hurt and injured in her health, strength and activity, in all parts of her body, and sustained shock and injury to her nervous system and person, all of which injuries have caused and continue to cause plaintiff great mental, physical and nervous anxiety, and pain and suffering.  Plaintiff, TONI DACEY, is informed and believes, and based thereupon alleges, that such injuries will result in some permanent disability to plaintiff, all to her general damage, in an amount to be proven at time of trial.  Plaintiff is informed and believes, and based thereupon alleges, that the amount in controversy herein is in excess of Seventy-Five Thousand Dollars ($75,000.00) and within the jurisdiction of this Court.

27.    As a further direct and proximate result of the negligence and carelessness of Defendant, PRINCESS CRUISE LINES, LTD., as hereinabove alleged, Plaintiff, TONI DACEY, was required to, and did, employ physicians, surgeons and therapists to treat and care for her and did sustain an expense for such medical treatment and care, hospitalization, medicines, and for other and further medical and incidental care, for which plaintiff has incurred liability in an amount as yet

1  unascertained.  Plaintiff, TONI DACEY, prays leave of Court to amend and/or supplement this

2  Complaint to insert the actual and reasonable value of all medical and incidental expenses when

3  same have been ascertained, or to prove same at time of trial.

4        28.     Plaintiff, TONI DACEY, is informed and believes, and based thereupon alleges, that

5  as a further direct and proximate result of the negligence and carelessness of Defendant, PRINCESS

6  CRUISE LINES, LTD., as hereinabove alleged, she will necessarily require additional medical care,

7  hospitalization, medicines, and other and further medical attention in the future and will incur

8  liability therefrom.  Plaintiff, TONI DACEY, prays leave of Court to amend and/or supplement this

9  Complaint to insert the actual and reasonable value of all such additional medical and incidental

10  expenses when same have been ascertained, or to prove same at time of trial.

11        29.     As a further direct and proximate result of the negligence and carelessness of

12  Defendant, PRINCESS CRUISE LINES, LTD., as hereinabove alleged, plaintiff, TONI DACEY,

13  became incapacitated and prevented from following her usual occupation for an undetermined period

14  of time; and as a result thereof, plaintiff suffered a loss of earnings and earning capacity and ability

15  and other financial losses in an undetermined amount.  Plaintiff, TONI DACEY, prays leave of Court

16  to amend and/or supplement this Complaint to include the exact amount of said loss of earnings and

17  earning capacity and ability when ascertained, or to prove same at time of trial.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1      WHEREFORE, Plaintiff prays judgment against Defendant as follows:

2      1.      For general damages in an amount in excess of $75,000.00, and in an amount to be

3    proven at the time of trial;

4      2.      For medical and related expenses, past, present and future, all in an amount to be

5    proven at the time of trial;

6      3.      For loss of earnings or earning ability, past, present and future, all in an amount to be

7    proven at the time of trial;

8      4.      For exemplary and punitive damages for the second cause of action, all in an amount

9    to be proven at time of trial;

10     5.      For a trial by jury pursuant to Rule 38, Federal Rules of Practice;

11     6.      For costs of suit incurred herein; and

12     7.      For such other and further relief as this Court deems just and proper.

13

14   Dated : September 13, 2020            **LAW OFFICES OF FRIEDBERG & BUNGE**

15

16                                        By: *s/ THOMAS F. FRIEDBERG, ESQ.*
                                          THOMAS F. FRIEDBERG, ESQ. (110439)
17                                        Attorneys for Plaintiff, TONI DACEY
                                          755 West A Street, Suite 100
18                                        P.O. Box 6814
                                          San Diego, California 92101
19                                        TEL : (619)557-0101
                                          FAX:  (619)557-0560
20
                                 **DEMAND FOR JURY**
21
          Plaintiff hereby demands a jury trial pursuant to Rule 38, of the Federal Rules of Practice.
22
     Dated : September 13, 2020            **LAW OFFICES OF FRIEDBERG & BUNGE**
23

24                                        By: *s/ THOMAS F. FRIEDBERG, ESQ.*
                                          THOMAS F. FRIEDBERG, ESQ. (110439)
25                                        Attorneys for Plaintiff, TONI DACEY
                                          755 West A Street, Suite 100
26                                        P.O. Box 6814
                                          San Diego, California 92101
27                                        TEL : (619)557-0101
                                          FAX:  (619)557-0560
28

---